**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 24, 2023
Decided February 13, 2023

**Before**

DAVID F. HAMILTON, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 21-2476

| | |
|---|---|
| MICHAEL OUTLEY,<br>    *Plaintiff-Appellant*,<br><br>    *v*.<br><br>CITY OF CHICAGO, et al.,<br>    *Defendants-Appellees*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 13 C 1583<br><br>Joan H. Lefkow,<br>*Judge*. |

**O R D E R**

    Michael Outley, who is Black, worked as an engineer for the City of Chicago, which declined to promote him. He sued the City and others for race discrimination. The district court entered summary judgment for the defendants. More than a year later, Outley moved for relief from judgment based on "fraud on the court." He accused the defendants' counsel of suborning perjury in a statement submitted with the defendants' motion for summary judgment. The court denied the motion. We affirm. Outley has not shown that the statement contained perjury—let alone that the attorneys

suborned it or that the statement prejudiced him. Further, we conclude with a note about the frivolous nature of this appeal.

### I.   Background

Outley applied several times for a promotion from Assistant Chief Operating Engineer to Chief Operating Engineer in the City of Chicago's Department of Water Management. He never got the promotion. After the City repeatedly rejected him, he sued the City and city officials in the Water Department and alleged—among other claims—race discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment (actionable under 42 U.S.C. § 1983), as well as Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17, and 42 U.S.C. § 1981."

The defendants filed a motion for summary judgment that included a declaration from Jill May, an employee in the Chicago Department of Human Resources. In her declaration, May stated, "I oversee and facilitate the City's hiring process by working with various City departments to prepare testing materials, administer exams, [and] score and analyze the results." To prepare the declaration, she reviewed the testing materials used when Outley applied for his promotion. After explaining this background, she detailed the three steps of the engineering application process for some of the years Outley applied: "(1) a multiple choice test on Ethics, *Shakman*, and Personnel Rules … , (2) a multiple choice test on Technical and Supervisor skills … , and (3) a structured oral interview comprised of questions designed to assess supervisory skills and technical knowledge." ("*Shakman*" refers to consent decrees in *Shakman v. Democratic Organization of Cook County*, No. 69-cv-2145 (N.D. Ill.), which yielded a court-approved hiring process.) This process, she said, was later changed to two steps "to align with best practices and legal testing standards." The signature block of her declaration appears on its own page, separate from May's written testimony.

The district court entered summary judgment for the defendants. The court reasoned that the defendants presented nondiscriminatory reasons for not promoting Outley—namely poor test and interview performance—and that Outley had not provided evidence for a reasonable jury to find these reasons were pretextual. Outley did not appeal.

After the judgment in this case, Outley deposed May in another case with overlapping parties. *See Outley v. City of Chicago*, No. 17 C 8633 (N.D. Ill.). May testified that she did not recall "design[ing]," "develop[ing]," "preparing," or "administering" the engineering exam. When answering why the hiring process changed from a three-

step process to a two-step process, May said that "the Department of Human Resources was no longer under the *Shakman* [decrees] and the Department wanted to align the [hiring] process along with the rest of the hiring plan … ."

Returning to this case over a year after the district court had entered judgment, Outley moved for relief from that judgment for "fraud on the court." FED. R. CIV. P. 60(d)(3). He argued that (1) May had lied about her knowledge of the engineering hiring process and (2) the defense attorneys submitted her declaration knowing it was false. For support for the latter, Outley contended that the placement of the signature block on a separate page "strongly suggest[ed] the nefarious practices of the" defense attorneys.

The district court denied the motion. It found no contradictions between May's declaration and deposition and no evidence that the defense attorneys had done anything "nefarious." The court also concluded that Outley had not proved that he suffered prejudice from this supposed fraud.

Outley appealed, and we limited review to only the postjudgment motion.

## II.   Analysis

Courts retain the inherent authority to set aside, at any time, judgments that resulted from fraud on the court. *See* FED. R. CIV. P. 60(d)(3). This authority is distinct from Rule 60(b)(3), which permits district courts to set aside judgments for "fraud" identified within one year of the judgment. Fraud on the court under Rule 60(d)(3) must be fraud that could not have been discovered with a "diligent inquiry" within a year of judgment. *In re Golf 255, Inc.*, 652 F.3d 806, 809 (7th Cir. 2011). Such fraud could be an attorney suborning perjury, but perjury by a witness, without the knowing involvement of an attorney, is not fraud on the court. *Id.* at 809–10. Lawyers have methods to expose lying witnesses—for example, through discovery or cross-examination—but lawyers are not subject to those methods, thus making it harder to ferret out *attorney* misconduct. Fraud on the court also requires prejudice to the adverse party. *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010). It is thus "a high bar," *Kennedy v. Schneider Elec.*, 893 F.3d 414, 420 (7th Cir. 2018), reserved for only "the most extraordinary and egregious circumstances." *Citizens for Appropriate Rural Roads v. Foxx*, 815 F.3d 1068, 1080 (7th Cir. 2016). Finally, a movant must prove the fraud by clear and convincing evidence, and we review the district court's ruling for an abuse of discretion. *Kennedy*, 893 F.3d at 418–19.

On appeal, Outley argues that the district court abused its discretion when it ruled that the defense attorneys did not commit fraud on the court through May's declaration. For several reasons, we conclude that the court did not abuse its discretion.

First, no fraud occurred because May's deposition testimony is consistent with her declaration. In the first of the two inconsistencies that Outley tries to create, he argues that May testified in the deposition to having less knowledge about the testing process than she acknowledged in the declaration. He is incorrect. In the declaration, May said that she works with all departments to help them prepare, administer, and score employment tests generally, and, in preparation for this litigation, she reviewed the Water Department's materials for its engineering exam. At the time of her deposition, May said that she did not recall designing, administering, or scoring the engineering exam at issue. It is not inconsistent for May to say that she was familiar with the engineering exam's process through her (1) work with exams generally and (2) review of materials about that exam for this litigation—while at another time saying she did not devise that particular exam. In other words, "I am familiar with this process" does not contradict "I did not develop this process." Outley's real qualm might be that May is not the best person to testify about the engineering exam and the related hiring process. But that is a far cry from perjury.

The second supposed inconsistency concerns May's testimony about the testing format changing from a three-step to a two-step process. According to Outley, May said in her declaration that the process changed to align with testing practices and legal requirements, and in her deposition she said the process changed because the City was no longer under the *Shakman* decrees. But this is not an accurate reflection of the record. In both statements, May testified that the City wanted to adopt best practices for hiring. In her deposition, May simply added that the City was able to do so because it was no longer bound by *Shakman*.

Even assuming the statements in May's affidavit and her later deposition testimony were direct contradictions of each other, that would fall well short of proving that she had deliberately lied in her affidavit. *See United States v. Dunnigan*, 507 U.S. 87, 94 (1993) ("A witness testifying under oath or affirmation violates this statute if she gives false testimony concerning a material matter with the *willful* intent to provide false testimony … ." (emphasis added)). Witnesses often give contradictory testimony for innocent, quintessentially human reasons, such as a lapse in memory or a misunderstanding of the question. *See id.*

Even if May perjured herself, there would still be insufficient evidence for fraud on the court. "Mere" perjury of a witness is not enough; an attorney had to have suborned it. *Golf*, 652 F.3d at 809–10; *Kennedy*, 893 F.3d at 419. Outley contends that the proof that the defense attorneys suborned perjury is that the signature block on May's declaration is on its own page. This, Outley says, "suggests" that the attorneys got May's signature first and then used it as a blank check to write whatever they wanted in the declaration. But a "suggestion" (which is just speculation), falls far short of clearing the "high bar" to prove fraud on the court by clear and convincing evidence. *Kennedy*, 893 F.3d at 418–19; *Foxx*, 815 F.3d at 1080.

Finally, even if Outley had shown that the defendants' counsel suborned perjury, he would still lose because he has not shown that this purported fraud on the court prejudiced him. *See Wickens*, 620 F.3d at 759. The argument section of Outley's opening brief (approximately three pages long) discusses the supposedly perjurious statements and how defense counsel allegedly suborned them; the discussion does not clearly highlight any potential prejudice. (Although we can make out an inkling of a prejudice argument, we expect arguments regarding a necessary condition to be more prominent in a brief.) We thus agree with the defendants that Outley failed to develop—and thus waived—any prejudice argument. *Greenbank v. Great Am. Assurance Co.*, 47 F.4th 618, 629 (7th Cir. 2022); *see also* FED. R. APP. P. 28(a)(8)(A).

### III.    Frivolous Appeal

This appeal is frivolous. We do not, however, think sanctions are appropriate. We sense that, Outley's attorney (who also represented him in the district court) sincerely believes her adversaries sabotaged her client's case by submitting evidence they knew to be false. Thus, we do not see an "indication of the appellant's bad faith suggesting that the appeal was prosecuted with no reasonable expectation of altering the district court's judgment[,] … for purposes of delay or harassment[,] or out of sheer obstinacy." *H.A.L. NY Holdings, LLC v. Guinan*, 958 F.3d 627, 636–37 (7th Cir. 2020). Still, we think it prudent to inform counsel that this appeal is frivolous and explain why.

An appeal is frivolous when the outcome is "obvious," *BLET GCA UP v. Union Pac. R.R. Co.*, 988 F.3d 409, 414 (7th Cir. 2021), because a party's "arguments … are so insubstantial that they are guaranteed to lose." *Wegbreit v. Comm'r*, 21 F.4th 959, 964 (7th Cir. 2021); *see also United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014) ("Most claims or arguments held to be 'frivolous' are … so clearly blocked by statute, regulation, binding or unquestioned precedent, or some other authoritative source of law that they can be rejected summarily."). This appeal meets this definition because it

No. 21-2476 Page 6

loses for several independent reasons and Outley's attorney was not remotely close to salvaging any of these flaws. First, counsel failed to brief a necessary element—prejudice—for her client to win this appeal. And omitting a necessary condition makes the result of any legal issue "obvious." Second, Outley accused May of perjury and defense counsel of suborning it. These are serious accusations of criminal misconduct. *See* 18 U.S.C. §§ 1621–22. The best (indeed the only) evidence counsel could cite were two alleged inconsistencies in a lay witness's testimony taken years apart and an oddity in pagination. These arguments are "guaranteed to lose" because she leaves a gulf of speculation between the evidence she provided and the evidence sufficient to clear her client's burden. Hefty accusations require hefty evidence, and counsel did not provide that here.

### IV.    Conclusion

We therefore AFFIRM the district court's denial of Outley's postjudgment motion.